*1267-15*

Cause No. _____

RECEIVED

NOV 3 0 2015

COURT OF APPEALS
SECOND DISTRICT OF TEXAS
DEBRA SPISAK, CLERK

ORIGINAL

In The
Court of Criminal Appeals
Austin, Texas

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 11 2015

Abel Acosta, Clerk

Jay Alan Jackson,

Petitioner,

V.

Respondant,

The State of Texas,

Appellate Cause No. 02-14-00346-CR

FILED IN
COURT OF CRIMINAL APPEALS

DEC 11 2015

Abel Acosta, Clerk

In The
Second Court of Appeals
Fort Worth, Texas

Trial Court No. CR 13-0752
415Th District Court of Parker County

Petition For Discetionary Review

Pro Se, Jay A. Jackson #1955107
Darrington Unit
59 Darrington Rd.
Rosharon, Tx. 77583

i

# Table of Contents

Page

Cover ................................................................. i

Table of Contents ............................................ ii

Index of Authorities ....................................... iii

Statement Regarding Oral Arguments ............ 1

Statement of the Case ................................. 1

Statement of Procedural History ................. 1

Ground for Review ....................................... 1

 That inclusion of the parole-law instruction in the punishment charge violated the right to due course of law guaranteed by article 1, Sec. 13 and 19 of the Tx. Const.

Arguments ..................................................... 2

Prayer for Relief ........................................... 5

Certificate of Service ................................... 5

# Index of Authorities

Page

**Cases**
Dakley v State, 830 Sw. 2d 107,113 (T.C.C.A.1992) . 4, 5

**Statutes,**
Tx. Code Crim. Proc. Art. 37.07 §4     1,4,5,
Tx. R. App. Proc. Rule,66.3 ___ ___ ___ ___ . 5,

**Constitution**
Tx. Const. Art 1 § 13,19, 30     1, 4, 5
Tx. Const. Art IV § 11 (a)     1,4,5,

**Appendix**
Appendix I     . 2,
Appendix J     . 3,

# Petition For Discretionary Review

No Oral Arguments Requested

## Statement of the Case

Petitioner was arrested on 2-1-13 and indicted for possession of a controlled substance on 11-21-13, a State Jail Felony that was enhanced with two prior convictions. He was found guilty by a jury on 8-27-14 and sentence to 17 years in T.D.C.J. before giving notice of appeal. The motion for new trial was overruled on 9-2-14.

## Statement of Procedural History

Appeal was timely perfected to the Second Court of Appeals in Ft. Worth, Tx, in Appeal No. 02-14-000346-CR. Judgment (Appendix A), and Memorandum Opinion (Appendix B). This conviction was affirmed on 8-27-15. The P.D.R. is due on 11-30-15 after a grant to extention of time to file P.D.R. No motion for Rehearing was filed.

## Grounds for Review

That the parole instruction contained in Artical 37.07, Section 4 violates the due course of law provisions of the Tx. Const. and denied a fair and impartial trial on the issue of punishment.

1.

# Arguments and Authorities

Petitioner claims that Venireperson. Ms Rhodes' comment to the Prosecutor "and, you know, also, if it's six months to two years, you know, now days people don't fulfill their entire time of punishment. They're giving months to fulfill their time in jail, and they get out early for reasons there's not enough room,"

is evidence that it is common knowledge to citizens of Tx. that prisoners do not serve the entire sentence day per day — because good time is awarded irregardless. of the length of the sentence rendered.

Thus, when Ms. Rhodes stated "So there that into the play of that, too." it is evidence that "early parole" cannot be ignored and exclusively is a factor in the sentence rendered. (3 R.R. at 40)("I am all about consequences").

In that respect, when the Prosecutor was asked to confirm Rhodes' presumption about good-time and early release ("is that true"), the prosecutor did not explain explicitly that the jury is not permitted to consider the probability that good time awarded would likely shorten the duration of incarceration to any sentence. rendered. At most the prosecutor stated that the Judge will <u>not</u> furnish a <u>crystal ball</u> to confirm her question — the presumption. that this defendant will get out early due to good time rewards, hence, the objection. (3 R.R. at 40).
Appendix I

2.

## Parole Instruction Desected

At page 2 of the "Court's Charge," at paragraph 1 the Jury was inform that the defendant would be granted good-time for good behavior — the latter underlining the prospect of early parole and release.

The second paragraph inform the jury that the defendant would be considered for parole and thus would be released at some point.

The third paragraph informs the jury that but for the Legislative Parole Law applicable to this defendant and Offense, he would be required to acquire sufficient flat and good time to reach 1/4 of the total sentence to become eligible for parole. (4 yrs and 3 months is 1/4 of 17 years that translate into two years flat to become eligible for release.)

The fourth paragraph informs the jury that it is impracticable to determine the amount of good time that would be awarded in this particular case and unpredicable as to how good time applies to this defendant.

The fifth paragraph informs the jury it was entitled to acknowledge the fact that good-time would be awarded during the incarceration but, to disregard the amount that may be awarded or lost __ and " to not consider the manner in which the parole law may be applied to this particular defendant. See, Court Charge Pg. 2 See, Appendix J.

## The Parole Instruction Did Not Lead

Petitioner claims that under Art. 37.07, Sec. 4, the jury is not to factor in the prospect of early release as a consequence of good time calculations when rendering a sentence. With the latter in mind, petitioner argues that, all-in-all, this jury instruction did not lead the jury away from the prospect of early release because the parole charge did not outright charge the jury to disregard the inescapable probability that the defendant would <u>not</u> serve a significant amount of flat time due to the good time awarded to the defendant to speed-up the prospect of release — earlier than mandated by the sentence rendered.

In that regard, the five parole instruction paragraphs only served to highlight the reality of early release due to good time awarded — and deverted the jury from rendering a prison term based on the merit of the probative evidence that supports the verdict. <u>Oakley v State</u>, 830 S.W. 2d. 107, 113 (T.C.C.A. 1992) (Dissent by Clinton).


## During Voir Dire

Petitioner ultimately argues that because the prosecutor did not clarify during voir dire, that the sentence can only arise from the probative evidence of guilt, and because the jury charge did not lead, but confused, the presumption held by Ms. Rhodes and the others was not deluted or deleted — and as a result the jury re-

4

ndered a sever seventeen year sentence, a violation of petitioner's right to a fair and impartial trial on the issue of punishment under the due process clause of the Tx. and U.S. Constitution. Tx. Const. Art 1 § 13,19,30; Art. IV. § 11(A).

## Conclusion

Petitioner claims the Appellate Court by its holding permitted this jury to secure a long prison sentence, on the basis of the defects found in Art. 37.07, Sec. 4, and thus violated T.R.A.P. Rule 66.3 3,4,5,6. Oakley, Id. at 113.

## Prayer

Petitioner prays for relief on the basis of Oakley, supra.

Respectfully Submitted,

x _Jay A Jackson_

Jay A. Jackson, #1955107

Sign on 11-24-15

## Certificate of Service

I, Jay Jackson, do hereby certify a true and correct copy of this P.D.R. will be served by mail to the following: Dist. Atty. Don Schnebly, at 117 Fort Worth, Hwy, Weatherford, Tx. 76086, and State Atty. Gen, at P.O. Box 12405, Austin, Tx. 78711-2405, on this the 5th day of Nov. 2015 (Dec).

Respectfully Submitted,

x _Jay Jackson_ # 1955107

Darrington Unit, 59 Darrington Rd, Rosharon, Tx. 77583

5.

VENIREPERSON RHODES: Yes.

MS. PLACKE: Yes, ma'am. Please stand up.

VENIREPERSON RHODES: I'm all about consequences. If you know the law says this and people break the law, the consequences are you face the people enforcing the law.

MS. PLACKE: So you can follow those judge's instructions?

VENIREPERSON RHODES: Right. And, you know, also, if it's six months to two years, you know, nowadays people don't fulfill their entire time of punishment. They're giving months to fulfill their time in jail, and they get out early for reasons there's not enough room or there's good behavior. So there's that into the play of that, too. Is that true?

MS. PLACKE: Not necessarily, although the judge would give you whatever law is applicable, whatever law applies to that situation, if parole comes into play or if it does not. I would think the judge would instruct you, we can't hold our crystal ball and say, "Okay, well, this is what the parole board is going to decide," because we don't know. And so --

MR. RICHARDS: Your Honor, I'm going to object to that on the scenario of a state jail. It is day for day with no parole.

CAUSE NO. CR13-0752

THE STATE OF TEXAS

IN THE 415TH JUDICIAL

**VS.**

DISTRICT COURT OF

JAY A JACKSON AKA
JAY ALLEN JACKSON AKA
JAY ALLAN JACKSON

PARKER COUNTY, TEXAS

COURT'S CHARGE

MEMBERS OF THE JURY:

You have found the defendant guilty of the offense of Possession of a Controlled Substance, as charged in the indictment, and it now becomes your duty to determine the punishment to be assessed against the Defendant.

Felony Enhancement One alleges that prior to the commission of the primary offense by the said Jay A Jackson aka Jay Allen Jackson aka Jay Allan Jackson, on the 9th day of August, 2004, in the Criminal District Court Number Two, Tarrant County, Texas, Cause No. 0862620A, the said Jay A Jackson aka Jay Allen Jackson aka Jay Allan Jackson was convicted of a felony, to-wit: Unlawful Possession of a Firearm, and said conviction became final prior to the commission of the offense alleged in this cause.

Felony Enhancement Two, Paragraph A, alleges that prior to the commission of the primary offense alleged in the indictment in this cause and Enhancement One, by the said Jay A Jackson aka Jay Allen Jackson aka Jay Allan Jackson, on the h day of December, 1995, in the 232"d District Court, Harris County, Texas, Cause No. 674133, the said Jay A Jackson aka Jay Allen Jackson aka Jay Allan Jackson was convicted of a felony, to-wit: Aggravated Kidnapping, and said conviction became final prior to the commission of the offense alleged in the indictment in this cause and Enhancement One.

Felony Enhancement Two, Paragraph B, alleges that prior to the commission of the primary offense alleged in the indictment in this cause and Enhancement One, Paragraph A, by the said Jay A Jackson aka Jay Allen Jackson aka Jay Allan Jackson, on the 7íì day of December, 1995, in 232"d District Court, Harris County, Texas, Cause No. 674132, the said Jay A Jackson aka Jay Allen Jackson aka Jay Allan Jackson was convicted of a felony, to-wit: Attempted Capital Murder, and said conviction became final prior to the commission of the offense alleged in the indictment in this cause and Enhancement One.

A plea of "true" was entered to each of these allegations.

You are instructed that you must find Felony Enhancement One along with Felony Enhancement Two, Paragraph A and Paragraph B, "true." Accordingly, the punishment authorized for the offense of Possession of a Controlled Substance as charged in the indictment herein, is confinement with the Texas Department of Criminal

State v. Jackson
Page I

24

Justice-Institutional Division for any term of not more than twenty (20) years or less than two (2) years; in addition, there may be assessed a fine not to exceed $10,000.

Under the law applicable in this case, a defendant sentenced to a term of imprisonment may earn time off the period of incarceration imposed through the award of good conduct time. Prison authorities may award good conduct time to a prisoner who exhibits good behavior, diligence in carrying out prison work assignments, and attempts at rehabilitation. If a prisoner engages in misconduct, prison authorities may also take away all or part of any good conduct time earned by the prisoner.

It is also possible that the length of time for which the defendant will be imprisoned might be reduced by the award of parole.

Under the law applicable in this case, the defendant will not become eligible for parole until the actual time served plus any good conduct time earned equals one-fourth of the sentence imposed. Eligibility for parole does not guarantee that parole will be granted.

It .cannot accurately be predicted how the parole law and good conduct time might be applied to this defendant if he is sentenced to a term of imprisonment, because the application of these laws will depend on decisions made by prison and parole authorities.

You may consider the existence of the parole law and good conduct time. However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant. You are not to consider the manner in which the parole law may be applied to this particular defendant.

In your deliberations, you may take into consideration all the facts shown by the evidence admitted before you and the law as submitted to you in this charge.

Evidence of extraneous crimes or bad acts other than the one charged in the indictment in this case has been presented in the trial of this case. This evidence was admitted only for the purpose of assisting you, if it does, in determining the proper punishment for the offense for which you found the defendant guilty. You cannot consider the testimony or evidence for any purpose unless you find and believe beyond a reasonable doubt that the defendant committed such other acts, if any.

You are instructed that your verdict must be unanimous and that you must not determine the defendant's punishment by drawing lots, or by adding the punishment each of you might think proper and dividing the result by twelve, or in any manner except by deliberation upon the law and evidence submitted to you.

You are the exclusive judges of the facts proved, of the credibility of the witnesses and of the weight to be given to the testimony, but you are bound to receive the law from the Court which is herein given you, ·and be governed thereby.

If the jury wishes to communicate with the Court, they shall so notify the bailiff in writing, who shall inform the Court thereof; and they may be brought before the Court and through their presiding juror, shall state to the Court in writing what they desire to communicate.

After summation by counsel, you will retire and select one of your members as presiding juror. It is the duty of your presiding juror to preside at your deliberations and to vote with you in arriving at a verdict. In doing so, you may use the attached "Verdict of the Jury" form as the Indicator of your sentencing options.

When you have unanimously agreed upon a verdict, your presiding juror shall certify to your verdict by signing the form ttached hereto and signing the same as your presiding juror.

Graham Quisenberry
Judge of the 415th District Court
Parker County, Texas

State v. Jackson
Page 3


NO. 02-14-00346-CR

JAY A. JACKSON A.K.A. JAY                                        APPELLANT
ALLEN JACKSON A.K.A JAY
ALLAN JACKSON

V.

THE STATE OF TEXAS                                                  STATE

----------

FROM THE 415TH DISTRICT COURT OF PARKER COUNTY
TRIAL COURT NO. CR13-0752

----------

## MEMORANDUM OPINION[1]

----------

## I. INTRODUCTION

A jury found Appellant Jay A. Jackson a.k.a. Jay Allen Jackson a.k.a. Jay Allan Jackson guilty of the state jail felony offense of possession of less than one gram of a controlled substance. *See* Tex. Health and Safety Code Ann.

---

[1]*See* Tex. R. App. P. 47.4.

§§ 481.102(2), .115(b) (West 2010). At the punishment trial, the jury found two enhancement allegations to be true, and assessed Jackson's punishment at seventeen years' confinement. The trial court sentenced him accordingly, and Jackson perfected this appeal. He raises one issue, asserting error in the punishment charge submitted by the trial court because, over Jackson's objection, it included the parole-law instruction mandated by code of criminal procedure article 37.07, section 4(c). See Tex. Code Crim. Proc. Ann. art. 37.07, § 4(c) (West Supp. 2014). Because the trial court did not err by submitting the specific parole-law instruction utilized in Jackson's punishment charge, we will affirm.

## II. JACKSON'S ISSUE AND ARGUMENTS

Jackson claims that the inclusion of the parole-law instruction in his punishment charge violated his right to due course of law guaranteed by article I, sections 13 and 19 of the Texas constitution. He asserts four arguments: first, he asserts that the court of criminal appeals in Rose v. State, 752 S.W.2d 529, 537 (Tex. Crim. App. 1987), correctly declared "substantially the same" parole-law instruction unconstitutional; second, he argues that the mere fact that a constitutional amendment was passed after Rose authorizing the legislature to enact the current parole-law instruction does not mean it is constitutional; third, he asserts that the parole-law instruction precluded his fair and impartial trial on punishment; and finally, he urges this court to reconsider Oakley v. State, 830 S.W.2d 107, 109 (Tex. Crim. App. 1992), a case from the court of criminal

2

appeals holding that the constitutional amendment authorizing the reenactment of article 37.07, section 4 cured the constitutional infirmity previously found to exist in the prior statute—that constitutional infirmity being a violation of the due course of law provisions of the Texas constitution.

## III. THE PAROLE-LAW INSTRUCTION
### AND ITS INCLUSION IN JACKSON'S PUNISHMENT CHARGE

The court of criminal appeals and this court have previously ruled that the parole-law instruction—reenacted after the *Rose* decision and after Texas voters approved a constitutional amendment authorizing the legislature to require courts to inform juries about the effect of eligibility for parole or good time credit on the defendant's period of incarceration—does not violate the Texas constitution's due course of law provisions. *See, e.g., Luquis v. State*, 72 S.W.3d 355, 362 (Tex. Crim. App. 2002) (explaining—in response to argument that reenactment of parole-law instruction following constitutional amendment authorizing same was nonetheless unconstitutional—that "this Court determined that the re-enacted statute did not violate a defendant's due course of law rights under the Texas [c]onstitution") (citing *Oakley*, 830 S.W.2d at 109); *Thomas v. State*, No. 02-09-00341-CR, 2010 WL 3377792, at *1–2 (Tex. App.—Fort Worth 2010, pet. ref'd) (mem. op., not designated for publication) (rejecting same argument); *Sanders v. State*, 255 S.W.3d 754, 765–66 (Tex. App.—Fort Worth 2008, pet. ref'd) (rejecting same argument). Based on these holdings, Jackson's first and

3

second arguments do not establish error in the submission of the parole-law instruction in his punishment charge.

To the extent that Jackson's third argument may be construed as raising an as-applied constitutional challenge to the parole-law instruction given in his punishment charge, Jackson shoulders the burden to establish that the parole-law instruction given in his case operated in an unconstitutional manner. *Luquis*, 72 S.W.3d at 366–67. In determining whether Jackson met this burden, we are to determine whether, in light of the entire record, there is a reasonable likelihood that the jury applied the challenged instruction in a way that violates the constitution. *Id.* Jackson makes no such arguments, and reviewing the entire record before us, there is nothing in the record suggesting that the jury was confused in any way by the parole-law instruction. There is no evidence that the jury did not follow the trial court's clear and explicit direction to not apply the general concepts of parole in assessing Jackson's sentence. *See id.* at 368. And, as pointed out by the State, Jackson's counsel in his closing argument at punishment informed the jury that the "most important" part of the parole-law instruction is as follows:

> You may consider the existence of the parole law and good conduct time. You are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant. You are not to consider the manner in which parole may be applied to this particular defendant.

> And why is that? Because sometimes they serve their entire time in jail. And you know from his past that's kind of what's happened to him.

4

So I'd advise you, follow the judge's instruction, don't consider the manner in which good conduct time and the parole law will affect him. Sentence him to whatever sentence you believe is appropriate, okay?

Viewing the entire record before us, we hold that there is no evidence showing a reasonable likelihood that the jury applied the parole-law instruction given in Jackson's case in a way that violates the constitution. Thus, Jackson's third argument does not establish error in the submission of the parole-law instruction in his punishment charge.

Jackson's fourth argument urges this court to reconsider the holdings set forth in *Oakley*. *See* 830 S.W.2d at 109. But *Oakley* is an opinion from the Texas Court of Criminal Appeals; the opinions from that court are binding on us. *See, e.g., Swilley v. McCain*, 374 S.W.2d 871, 875 (Tex. 1964) (holding that once the highest court of the State having jurisdiction of a matter decides a principle, rule, or proposition of law, that court and all other courts of lower rank must accept the decision as binding precedent); *Southwick v. State*, 701 S.W.2d 927, 929 (Tex. App.—Houston [1st Dist.] 1985, no pet.) (same). We therefore decline to review the holdings of the court of criminal appeals in *Oakley*. Jackson's fourth argument does not establish trial-court error in the submission of the parole-law instruction in Jackson's punishment charge.

Having addressed each of Jackson's arguments made in support of his sole issue, and having determined that the trial court did not err by including the

parole-law instruction mandated by code of criminal procedure article 37.07, section 4(c), we overrule Jackson's sole issue.[2]

## IV. CONCLUSION

Having addressed each of Jackson's arguments and having overruled his sole issue, we affirm the trial court's judgment.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 27, 2015

---

[2]Because we have determined that the trial court did not err by including the parole-law instruction in Jackson's punishment charge, we need not address the second prong of a charge-error analysis—whether sufficient harm resulted from the error to require reversal. *See, e.g., Middleton v. State,* 125 S.W.3d 450, 453 (Tex. Crim. App. 2003) (setting forth two-pronged charge error analysis); *Abdnor v. State,* 871 S.W.2d 726, 731 (Tex. Crim. App. 1994) (same).

Jay Jackson #1955107
Darrington Unit
59 Darrington Rd.
Rosharon, Tx 77583

RECEIVED

NOV 30 2015

COURT OF APPEALS
SECOND DISTRICT OF TEXAS
DEBRA SPISAK, CLERK

NORTH HOUSTON TX 7

25 NOV 2015 PM 9 L

Clerk of the Court,
Second Court of Appeals,
401 W. Belknap St. Ste 900
Fort Worth, Tx 76196